WARREN W. SPRINGER, in equity,

*vs.*

JAMES M. AUSTIN and wife.

Kennebec. Opinion September 17, 1883.

*Practice. Equity. Stat. 1881, c. 68.*

By the provisions of stat. 1881, c. 68, all hearings in equity, with one exception, must he had in the first instance by a single justice of the court, (§ 1), upon whom is conferred full power to hear and decide all motions and and causes and to make and enter the necessary orders and decrees, (§ 9). The only exception is found in § 13, which authorizes the justice hearing the cause to report it, with the parties' consent to the law court, if he is of the

opinion that any question of law is involved of sufficient importance or doubt to justify it.

BILL IN EQUITY.

The opinion states the case.

*W. T. Haines*, for the plaintiff.

*J. H. Potter and T. J. Moody*, for the defendants.

VIRGIN, J: This is a bill in equity brought by a judgment creditor against his debtor and debtor's wife, seeking to enforce the collection of his judgment by the sale of a certain farm conveyed by one, Wyman, to the wife, but alleged to have been paid for in part by the debtor.

The case is not before this court in accordance with the provisions of the statute "regulating the practice in equity proceedings." Stat. 1881, c. 68. By the provisions of that statute, "all hearings in equity," with one exception, must be had, "in the first instance" "by a single justice of the court," (§ 1,) upon whom is conferred full power to hear and decide all motions and causes, and to make and enter the necessary orders and decrees, § 9. The only exception to this requirement is found in § 13, which authorizes the justice on hearing a cause to "report it, with the parties' consent, to the next law court held within the district in which the cause is pending, if he is of the opinion that any question of law is involved of sufficient importance or doubt to justify the same." All causes not thus reported are to be not only heard but decided (subject to appeal and exceptions) by a single justice and thus save the delay and expense, the two great mischiefs at which the legislature aimed in enacting this statute.

In the case at bar, certain issues were framed and tried by a jury, pursuant to the provisions of § 20. And instead of the justice completing the hearing and deciding the cause and one of the parties taking the case up on appeal or on exceptions or on both, the findings of the jury and all the testimony are reported by agreement of the parties, with a stipulation that

"the law court shall render such judgment thereon as the case requires."

But passing over this irregularity and the fact that the bill contains no prayer whatever, an examination of the case upon its merits satisfies us that the bill cannot be maintained. The burden is on the plaintiff to prove that the debtor paid some portion of the purchase money of the farm in Sidney conveyed by Wyman to the debtor's wife. The jury found that the wife paid for the farm in Belgrade. And the testimony is uncontradicted that she paid Hersom for building the house upon it; that she sold the farm to Hersom for $600, $350 of which were paid toward the farm purchased by her of Wyman and conveyed to her. The debtor and wife both testify that she paid every dollar of the consideration for the latter farm and that he paid nothing.

The mere fact that the title of the farm in Belgrade was in the debtor, is not inconsistent with the testimony relating to her payment therefor, inasmuch as the bond was made to him years before. Considering the long and serious illness of the debtor and the undisputed industry of the debtor's wife, we think the testimony clearly negatives the allegation that the debtor had any equitable interest in the farm in Sidney.

*Bill dismissed with single costs.*

APPLETON, C. J., BARROWS, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.